## CIRCUIT COURT OF FAIRFAX COUNTY

Michelle McGuire (Ifert)

v.

Richard L. Ifert

October 27, 1993

Case No. (Chancery) 127472

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes on appeal of an Opinion and Order Declining Jurisdiction entered June 23, 1992, in the Juvenile and Domestic Relations Court of Fairfax County. By appealing that Order, Mrs. Ifert petitions this Court to modify the custody arrangement effected by a Consent Order of April 18, 1991, in that same court. In the Consent Order, Mr. and Mrs. Ifert were awarded joint custody of their child, Meagan, with Mr. Ifert having primary physical custody and Mrs. Ifert allowed certain visitation. In her petition Mrs. Ifert seeks to modify custody on various grounds, alleging that Mr. Ifert has not abided by the terms of the Consent Order and that Mrs. Ifert is the better custodial parent. In oral argument Mrs. Ifert asserts through her counsel that the Consent Order was obtained by fraud and deceit.

The preliminary issue raised by the parties' appearance before this Court is whether Virginia will exercise jurisdiction over Mrs. Ifert's petition. For the reasons stated below, this Court holds that Virginia is not a convenient forum to hear this matter, that California is the more appropriate forum, and that jurisdiction by this Court will not be exercised.

The Court finds that between August 1988 and December 1989, the child resided in California with Mrs. Ifert (along with Mr. Ifert when his Navy obligations did not keep him away). Between December 1989 and December 1990, the child resided with Mrs. Ifert in Virginia. In December 1990, Mr. Ifert, while exercising visitation rights with the child, took the child to California. When he refused to return the child,

Mrs. Ifert obtained an Order of February 2, 1991, from a California court granting her primary physical custody of the child. The California court at that time declined to usurp Virginia's jurisdiction as the child's home state.

Within a few weeks of the return of the child to Mrs. Ifert pursuant to the California court order, Mrs. Ifert asked Mr. Ifert to assume custody of the child. The parties dispute the reason for that request as well as the length of time it was to be in effect. Mrs. Ifert asserts that because of the cost of the California proceeding, she could no longer afford to keep the child and asked Mr. Ifert to take temporary custody. Mr. Ifert asserts that his wife said she was unwilling or unable to care for the child, and asked him to take custody but allow her visitation. The Consent Order of April 18, 1991, was prepared by Mr. Ifert's attorney, with some modification by Mrs. Ifert. After the order was entered, Mrs. Ifert filed a notice of appeal of the Consent Order to the Court of Appeals of Virginia in late May 1991. That appeal was dismissed. On May 31, 1991, Mrs. Ifert filed a motion in the Juvenile and Domestic Relations Court for a rehearing. In that motion she alleged the same grounds she alleges here: fraud by Mr. Ifert and his attorney, and the unfitness of Mr. Ifert for custody. On June 18, 1991, the Juvenile and Domestic Relations Court denied the motion for rehearing. During or soon after April 1991 the child returned to California to live with Mr. Ifert, where she remains. On April 10, 1992, Mrs. Ifert filed a motion in the Juvenile and Domestic Relations Court to modify custody. On July 27, 1992, that court held that under § 20–130 of the Code of Virginia, Virginia was an inconvenient forum, that California was a more appropriate forum, and that the best interests of the child would be served by having the matter heard there. That ruling is on appeal to this Court.

This Court holds that because Mrs. Ifert has resided in Virginia since the April 18, 1991, Consent Order, Virginia has not been divested of jurisdiction over this matter.[1] The issue is whether this Court should exercise that jurisdiction.

---

[1] Mrs. Ifert's continued residency in Virginia was made uncertain by a letter from her after the Consent Order saying that she resided in Florida. But this Court determines as a matter of fact that her residency in Virginia was continuous as envisioned under the Parental Kidnapping Prevention Act (PKPA) and the Uniform Child Custody Jurisdiction Act (UCCJA).

The Court finds that on February 25, 1991, Mrs. Ifert had custody of the child and Virginia had jurisdiction over this matter. Mrs. Ifert then relinquished custody (either temporarily, under her version, or until further court order under Mr. Ifert's version) in April 1991. Under the arrangement, Mrs. Ifert knew that the result would be the child residing in California. Since that time, the child has resided in California with Mr. Ifert. The Court finds that period to be a significant time in the child's life. The balancing of all interests yields the result that California is the appropriate jurisdiction to determine any further custody issue.

Two specific arguments by Mrs. Ifert warrant further comment. First, she asserts that California has already ceded jurisdiction to Virginia. This Court disagrees. The California court's decision was on an earlier action by Mr. Ifert of not returning the child to Virginia, when Mrs. Ifert had custody and the child's California roots were tenuous (a decision this Court applauds and finds required by the terms and spirit of the UCCJA and PKPA). But those circumstances changed when Mrs. Ifert voluntarily relinquished custody to Mr. Ifert. Since then, the child's California roots have become predominant. Second, Mrs. Ifert asserts that the reason she had to give her husband custody of the child following the February 1991 California hearing was because her assets were depleted by Mr. Ifert's actions. Therefore she lacked the financial ability to care for the child. If proven and unchecked, such action by Mr. Ifert might allow him to do indirectly what the California court properly precluded him from doing directly (that is, imposing a California residence on the child). But the Court finds insufficient evidence that the circumstance, giving rise to Mrs. Ifert's relinquishing custody of the child was financial instability arising from Mr. Ifert's December 1990 actions. Such finding is made by this Court for the purpose of this hearing only, without prejudice to Mrs. Ifert's raising that issue as a grounds for overturning the custody arrangement at a hearing on the merits of her petition.